# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAFEAL D. NEWSON,**

    **Petitioner,**

    **v.**                                                                    **Case No. 14-CV-175**

**STATE OF WISCONSIN, et al.,**

    **Respondents.**

## ORDER

The petitioner, Rafeal D. Newson ("Newson"), who is currently incarcerated at the Arizona State Prison Complex in Tucson, brings this action pursuant to Fed. R. Civ. P. 60(d)(3), alleging that he was improperly extradited from Arizona to Wisconsin in violation of the Interstate Agreement on Detainers Act ("IAD"). (Docket # 1.) Accompanying his Rule 60(d)(3) motion is a motion for leave to proceed *in forma pauperis* (Docket # 5), along with his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 6.)

To begin, the Court must address whether this motion is properly brought pursuant to Rule 60(d)(3). Newson alleges that a detainer was lodged against him on April 29, 1999 while he was incarcerated in Phoenix, Arizona. (Docket # 1 at 2.) Newson was extradited to Milwaukee, Wisconsin on August 28, 2000. On August 29, 2000, an initial appearance was held on a criminal complaint from December 6, 1996, which charged him with First Degree Intentional Homicide. (*Id.* at 3.) A jury trial was held on March 5, 2001 and Newson was sentenced to life in prison. (*Id.*) A few days later, he was extradited back to Arizona. (*Id.*) Newson alleges that pursuant to the IAD, charges

against a person must be "pending" before extraditing them to another state. (*Id.* at 3-4.) Newson alleges that although the criminal complaint was dated December 6, 1996, it was not filed until after he was extradited to Milwaukee and thus was not "pending" at the time of his extradition. (*Id.* at 4.) As such, Newson argues that the judgment against him be dismissed for violation of the IAD. (*Id.* at 8.)

Rights contained in the IAD are federal statutory rights and denial of those rights is a violation of federal law cognizable in a federal habeas petition. *Webb v. Keohane*, 804 F.2d 413, 414 (7th Cir. 1986). Thus, because Newson is in custody pursuant to the judgment of a State court, his proper remedy for violations of the IAD is to bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254. As such, the Court will construe his motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court must review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Newson has already brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the same state court conviction. *Newson v. Schriro*, No. 06-CV-270 (E.D. Wis.). In an Order dated May 29, 2007, Judge J.P. Stadtmueller denied Newson's petition for a writ of habeas corpus and dismissed the action with prejudice. *Id.* Because Newson had already filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the current motion appears to be a successive

collateral attack on his state court conviction. Even though Newson has styled his motion as made pursuant to Rule 60(d)(3), a court looks to the substance of the motion rather than its title to determine whether it is a successive collateral attack. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Hare v. United States*, 688 F.3d 878, 880 n.3 (7th Cir. 2012).

The substance of the motion, along with the attached exhibits, clearly shows Newson is challenging his state court conviction in Milwaukee County case number 2000CF4309, in which he was charged with first degree murder, party to a crime, contrary to Wis. Stat. §§ 940.01(1) and 939.05. (Docket # 1 at 3; Docket # 1-2.) This was the conviction he challenged in his previous habeas corpus petition and, as previously stated, the petition was denied and the action was dismissed with prejudice. *See Newson v. Schriro*, No. 06-CV-270 (E.D. Wis.). Reviewing Judge Stadtmueller's May 29, 2007 Order, it does not appear Newson raised the IAD argument in his first habeas petition. However, the mere fact that he did not previously raise this issue is not necessarily grounds for filing a second petition in federal court. Section 2244(b)(2) states:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Additionally, under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the

appropriate court of appeals authorizing the district court to consider the application. Because Newson has not obtained prior permission from the court of appeals, this action is dismissed for lack of jurisdiction. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Newson's motion for leave to proceed *in forma pauperis* will be dismissed as moot. Newson is advised that this Court lacks jurisdiction to entertain any further collateral proceedings unless the Court of Appeals first grants permission under § 2244. If Newson intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Circuit Rule 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Order.

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2254 must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, this Court declines to issue a certificate of appealability. Of course, Newson retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS ORDERED** that this action is **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b);

**IT IS FURTHER ORDERED** that Newson's motion for leave to proceed *in forma pauperis* is **DISMISSED AS MOOT**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of March, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

> (4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.
>
> (5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.